| | |
|---|---|
| Arapahoe County District Court<br>7325 South Potomac Street<br>Centennial, CO 80112 | DATE FILED: February 4, 2021 10:58 AM<br>FILING ID: 7B7B2859C46E2<br>CASE NUMBER: 2021CV30217 |
| Plaintiff: Alexandria Johnson<br><br>v.<br><br>Defendant: USAA General Indemnity Company | ▲COURT USE ONLY▲ |
| Counsel for the Plaintiff<br>DezaRae D. LaCrue, Reg. No. 40290<br>Franklin D. Azar & Associates, P.C.<br>14415 East Evans Avenue<br>Denver, CO 80014<br>Telephone: 303-757-3300<br>Facsimile: 303-757-3206<br>E-Mail:  lacrued@fdazar.com; | Case No.<br><br>Division: |
| **COMPLAINT** | |

**THE PLAINTIFF**, Alexandria Johnson, by and through her undersigned counsel, complaining of the Defendant, USAA General Indemnity Company, alleges and says as follows:

## GENERAL ALLEGATIONS

1.  Plaintiff Alexandria Johnson (hereafter "Plaintiff") is an individual and resident of the State of Colorado.

2.  Defendant USAA General Indemnity Company (hereafter "Defendant") is a corporation doing business in the State of Colorado.

3.  Venue is proper herein pursuant to C.R.C.P. 98.

4.  This Court has jurisdiction over this matter pursuant to C.R.S. § 13-1-124.

5.  On or about October 18, 2019, Jason Robertson struck Plaintiff's vehicle with his on Villanova Place near the intersection with South Flanders Street.

6.  On October 18, 2019, Mr. Robertson was negligent and caused the collision with Plaintiff.

7.  On October 18, 2019, Plaintiff was injured as a result of the collision.

**Exhibit A**

8. On October 18, 2019, Mr. Robertson had liability insurance with The General and had limits of $25,000.

9. Mr. Robertson was underinsured with respect to Plaintiff's injuries, damages and losses.

10. Plaintiff was not negligent on the occasion in question.

11. No third party caused, or contributed to the cause, of the accident and Plaintiff's injuries, damages, and losses.

12. Plaintiff submitted her claim to Defendant in a timely manner.

13. Plaintiff has cooperated with Defendant in its investigation of her claim.

14. On November 16, 2020, Plaintiff submitted $26,992.84 in accrued medical bills to Defendant and requested that it issue all benefits owed.

15. On December 16, 2020, Defendant offered $40,000 to Plaintiff for full and final settlement of her underinsured motorist claim.

16. Defendant does not dispute that Plaintiff is owed at least $40,000 in benefits.

17. Defendant has not issued any payments to Plaintiff.

18. Defendant knows, or should know, that Plaintiff is owed all undisputed damages.

19. Defendant has failed to issue the undisputed damages it owes to Plaintiff.

20. Defendant has failed to attend to Plaintiff's claim for underinsured motorist benefits in a timely manner.

21. Defendant has failed to make advance payments or reasonable offers to Plaintiff.

22. Defendant has failed to pay Plaintiff the benefits owed under Colorado law.

23. Defendant knows that Plaintiff has been recommended for surgery.

24. Defendant has failed to timely and appropriately investigate the amounts owed as a result of the surgical recommendation.

25. Defendant has failed to consult medical professionals regarding Plaintiff's medical treatments and/or the cause of Plaintiff's injuries.

**Exhibit A**

26. Defendant's delay in investigating the need for and cost of the surgery has delayed payment of benefits to Plaintiff.

27. Defendant has failed to provide Plaintiff reasonable information about its evaluation of her claim.

28. Defendant has failed to properly investigate Plaintiff's losses, including by hearing testimony of her or other witnesses.

29. Defendant's conduct has resulted in delay of underinsured motorist benefits being paid to Plaintiff.

30. Defendant's failures in Plaintiff's case fail to meet the standard set for in its own claim handling manuals and internal standards.

31. Defendant has failed to comply with Colorado's Unfair Claims Settlement Practices Act.

32. Defendant has failed to act in good faith and fair dealing with Plaintiff.

33. Defendant has not documented or investigated any failure to cooperate on behalf of Plaintiff.

34. Defendant has not sent a reservation of rights related to this claim.

35. Defendant, withholding benefits owed to Plaintiff, benefits Defendant as it earns interest on any money it retains.

36. Defendant's conduct contradicts the *Fisher v. State Farm* decision.

37. Defendant's conduct seeks to save itself money to the detriment of its insured.

38. Nothing in the insurance policy issued to Plaintiff supports the conduct of Defendant in this claim.

## FIRST CLAIM FOR RELIEF
### (BREACH OF CONTRACT-UIM BENEFITS)

39. Plaintiff incorporates all prior allegations as though fully set forth herein.

40. Sometime prior to the accident, Plaintiff entered into a contract or was the beneficiary of a contract with Defendant for the purpose of obtaining automobile insurance, which policy includes coverage for claims involving underinsured motorists. At all times pertinent to the within action, all the premiums as required under the contract for insurance were paid to Defendant.

41.     Plaintiff has advised Defendant of a claim for underinsured motorist benefits for this incident under its policy of insurance, and otherwise fully cooperated with Defendant in connection with the claim.

41.     Plaintiff is an intended beneficiary of Defendant's insurance policy/contract and is therefore entitled to enforce its terms.

42.     Plaintiff is entitled to be compensated by Defendant for all damages she has incurred, including significant medical bills and other expenses, future surgery, pain, suffering, loss of enjoyment of life, loss of earnings and earning capacity, permanency , physical impairment, and disability, under the under-insured motorist coverage of the policy.

### SECOND CLAIM FOR RELIEF
### (FIRST PARY STATUTORY CLAIM
### UNDER C.R.S. § 10-3-1116)

43.     Plaintiff incorporates all prior allegations as though fully set forth herein.

44.     Defendant has failed to make payment of underinsured motorist benefits to Plaintiff without a reasonable basis for its action.

45.     Defendant's conduct violates Colorado law and precedent.

46.     Defendant trains its employees to violate Colorado law and withhold benefits it determines are owed.

47.     Defendant has failed to properly investigate and evaluate Plaintiff's injuries leading to delay in the payment of benefits.

48.     Defendant has failed to investigate and pay for the surgery recommended to Plaintiff.

49.     Defendant's unreasonable position and conduct has caused Plaintiff damage by the loss of the compensation that is due to him and which Defendant should have previously paid to her.

50.     In accordance with C.R.S. §10-3-1116, Plaintiff is entitled to recover from Defendant two times the covered underinsured motorist benefits plus reasonable attorney's fees and court costs.

### THIRD CLAIM FOR RELIEF
### (BAD FAITH)

51.     Plaintiff incorporates all prior allegations as though fully set forth herein.

52.     Defendant owed Plaintiff a duty to act in good faith in reviewing, adjusting and settling

**Exhibit A**

her claims.

53. Defendant breached its duties to its insured, and acted in bad faith, through its conduct as described above and by engaging in the following, among other acts:

(a) Compelling this Plaintiff to institute litigation to recover amounts due to her under the underinsured motorist bodily injury liability benefits afforded Plaintiff under the insurance policy;
(b) Favoring the interests of itself an insurer, over those of Plaintiff, an insured, by withholding benefits from Plaintiff and earning interest on the money;
(c) Trying to extort Plaintiff into a settlement of a claim by withholding benefits owed;
(d) Failing to make reasonable offers of settlement;
(e) Failing to timely respond to its insured regarding its evaluation and offer;
(f) Failing to consult medical professionals to properly investigate the cause of Plaintiff's injuries;
(g) Failing to investigate the cost of the surgery recommended to Plaintiff;
(h) Failing to evaluate information provided to it by Plaintiff demonstrating a physical impairment;
(i) Training its employees to violate Colorado law and withhold benefits;
(j) Failing or delaying payment of reasonable compensation for the injuries, damages, and losses Plaintiff suffered at the hands of an underinsured motorist; and
(k) Failing to investigate Plaintiff's injuries and pay benefits due in an appropriate manner.

54. Defendant's actions were unreasonable.

55. Defendant knew its conduct was unreasonable or disregarded the fact that its conduct was unreasonable.

56. Defendant purposely engages in this conduct to avoid prompt payment of benefits to its insured.

57. As a direct result of Defendant's breaches of its duties to its insured, Plaintiff has been damaged including, but not necessarily limited to:

a. Being forced to incur additional costs in litigation;
b. Enduring the emotional trauma of being unnecessarily involved in a lawsuit with defendant; and
c. Being deprived of the use of funds that would otherwise be used for such things as medical treatment and for lost wage coverage which should have been paid by now.

**Exhibit A**

WHEREFORE, Plaintiff prays for judgment against Defendant for all general damages, economic damages, all statutory and necessary costs including, but not limited to, expert witness fees and the expenses incurred in investigation and discovery required to present Plaintiff's claims, attorney fees and interest from the time of the occurrence, post-judgment interest at the requisite rate, and for such other and further relief as this Court shall deem proper, just, and appropriate under the circumstances.

Respectfully, submitted on February 4, 2021.

>
> FRANKLIN D. AZAR & ASSOCIATES, P.C.
>   */s/ Dezarae LaCrue*
> Dezarae LaCrue, Reg. No. 40290
> COUNSEL FOR PLAINTIFF

**Plaintiff's Address:**
670 South Bonnie Lane
Watkins, CO 80137

*In accordance with C.R.C.P. 121, §1-15(9), a printed copy of this document with original signatures is being maintained by the filing party and will be made available for inspection by this parties or the Court upon request.*

**Exhibit A**